**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Glenn Woodard,                                          Civil No. 15-3809  ADM/JJK

                          Petitioner,

v.                                                      **REPORT AND RECOMMENDATION**

Denese Wilson,
Warden, FCI–Sandstone,

                          Respondent.


        This matter is before the Court, Magistrate Judge Jeffrey J. Keyes, on

petition pursuant to 28 U.S.C. § 2241 for habeas corpus relief by a federal

prisoner.  The action has been referred to this court for report and

recommendation under 28 U.S.C. § 636 and Local Rule 72.1.  Petitioner Glenn

Woodard is confined at the Federal Correctional Institution at Sandstone,

Minnesota ("FCI-Sandstone")[1]  pursuant to an 18-month sentence on a

supervised release violation based on a criminal contempt of court charge in

United States District Court for the District of Nebraska.  Woodard was sentenced

on the federal supervised release violation while he was in state custody in Sarpy

County, Nebraska, pending prosecution on a witness tampering charge.  The

_____

        [1] Petitioner was incarcerated at FCI-Sandstone when he commenced this
action.  However, the record indicates that a recommendation was being made
that the Petitioner be placed in halfway house placement or home confinement on
January 25, 2016.  (Doc. No. 6; Decl. of Ben Laposky, ¶ 8).  The court has not
been advised of any address change due to any such change in custody location.

federal sentence was to be served consecutive to any state sentence that might

be imposed in the Sarpy County action.   In this § 2241 habeas corpus action the

Petitioner contends that under 18 U.S.C. § 3585[2] he was improperly denied credit

on his federal sentence for time which was not applied to his state sentence

following federal sentencing on the supervised release violation.   He has a

projected release date of July 23, 2016, via a good conduct time release.

(Laposky Decl., ¶ 5).

## I. Background and Claims

Petitioner Glenn Woodard is a federal prisoner incarcerated at FCI-

Sandstone.   He was sentenced on October 30, 2014 to an 18-month term for a

violation of supervised release.   (Doc. No. 5; Decl. of J.R. Johnson, ¶ 10).   The

sentence was imposed by Judge Kopf in United States District Court for the

District of Nebraska (*Id.*, ¶ 4), and the 18-month term was to run consecutive to

any sentence imposed at a result of pending charges in Nebraska state court for

tampering with a witness. (*Id.*, ¶¶ 10, 12).

In his Petition the prisoner seeks credit towards his federal sentence for

---

[2] 18 U.S.C. § 3585(b) provides:
>   —A defendant shall be given credit toward the service of a term of
> imprisonment for any time he has spent in official detention prior to the date
> the sentence commences—
>>   (1) as a result of the offense for which the sentence was imposed; or
>>   (2) as a result of any other charge for which the defendant was
>>   arrested after the commission of the offense for which the sentence
>>   was imposed;
> that has not been credited against another sentence.

2

time spent in state custody between October 8, 2013, and December 1, 2014. (Doc. No. 1; Pet. at 2).  He was arrested on state domestic assault charges on October 8, 2013  (Johnson Decl. ¶ 5, Ex. B), and on December 18, 2013 he was cited for tampering with a witness.  (*Id.*, ¶ 6).  Petitioner was sentenced on March 5, 2014, to 159 days on the domestic assault conviction, but the conviction was reversed on appeal by decision issued on July 22, 2014.  (*Id.*, ¶¶ 7-8, Ex. C). Meanwhile, Petitioner remained in state custody on the pending tampering charge.  (*Id.*, ¶ 9).

Petitioner first appeared in federal court for proceedings on revocation of his supervised release on October 28, 2014, pursuant to a federal writ of habeas corpus *ad prosequendum*, temporarily transferring physical custody to the United States Marshals Service.  (*Id.*, ¶ 9, Ex. D).  Petitioner's 18-month consecutive sentence was ordered on October 30, 2014,and he was returned to Nebraska state custody on October 31, 2014.  (*Id.*, ¶¶ 10-11, Ex. E),   Petitioner alleges in part that he is entitled to, but has been denied, credit on his federal sentence for the time from October 28, 2014 to October 31, 2014.  (Doc. No. 10; Reply Mem. 2).

Again, Petitioner was returned to physical custody of the state of Nebraska on October 31, 2014.  (Johnson Decl., ¶ 11, Ex. D).  On December 1, 2014, He was sentenced to 1 to 3 years on the state tampering charges in Sarpy County, Nebraska with credit for 349 days for time served.  (*Id.*, ¶ 12, Ex. F).  Counting

back on the calendar, the 349 days represented the time between December 17, 2013,[3] and the date of sentencing on the tampering charge, December 1, 2014. (*Id.*, ¶ 12).  The BOP then gave Petitioner credit on his 18-month federal sentence for the time between his initial arrest on the domestic assault charge on October 8, 2013, to December 16, 2013, presumably because the time was not credited to any state term in light of the dismissal of the domestic assault charge. (*Id.*, Ex. A at 3).  The Petitioner initially contended that he was not given credit for the time between October 8, 2013, and December 16, 2013 (Pet. 2), but he later acknowledges that this time had since been applied to the federal sentence. (Reply Mem. 1).

Petitioner was released from Nebraska state custody on June 11, 2015 (Johnson Decl., ¶ 13, Ex. G), and was placed in federal custody to serve his federal sentence on that date.  (*Id.*, ¶¶ 13, 16, Ex. G).  In his habeas pleading the Petitioner generally states that he should also receive credit for the entire time from the date of his federal sentencing on October 31, 2014, to the date of his state tampering sentencing on December 1, 2014.  However, he does not persist

---

[3] Petitioner was already in state custody on the domestic assault charge when he was cited on the tampering charge on December 18, 2013.  It is not entirely clear to this Court why December 16, 2013, was selected as the last day for which federal sentence credit was given rather than December 17, 2013, except that it appears that December 17, 2013 was credited to the state tampering sentence, in which case it is not clear why the day was credited to the state sentence.  Also, the record in this case contains no express explanation as to why the Petitioner was later given federal credit for the time from October 8, 2013 to December 16, 2013.

in his claim for all of this time in his reply to the government's response to the Petition, instead claiming that he should be given credit for four days from October 28, 2014, through October 31, 2014, when he was physically transferred pursuant to writ of habeas corpus *ad prosequendum*, and for the two days of December 17-18, 2013.[4]  (Reply Mem. 2).

The Respondent contends that the Petition should be dismissed because the Petitioner did not exhaust his administrative remedies prior to commencing this action in district court; the Petition is moot with respect to time already credited to the federal sentence; and Petitioner is not entitled to credit for the additional time he claims because that time was already credited to his state sentence.[5]

## II.  Habeas Corpus Relief Under 28 U.S.C. § 2241

Generally, a person in federal custody can challenge the legality of his

---

[4]  The record in this case shows that the Petitioner was definitely given credit on his state witness tampering sentence for December 18, 2013, based on a counting back of 349 days from December 1, 2014.  There may be a one day discrepancy in actual days which were applied to the 349 days served, and December 17, 2013 may or may not have been applied to the state tampering sentence, depending on whether December 1, 2013 was counted towards the credited time or time yet to be served.  (See Johnson Decl., Ex F).

[5]  The Respondent also interpreted the Petition to contain a claim for immediate halfway house or home confinement placement, or immediate release. (Pet. 3).  However, Petitioner did not actually make that claim. He merely stated that he would be eligible for such placement or release if the exhaustion requirement was waived and he received a favorable ruling on the merits of his Petition.

confinement by way of a § 2241 habeas corpus petition filed in the district in which he is confined. *Webber v. Jett*, No. 13-654 ADM/JJK, 2013 WL 3867199, *2 (D Minn. July 25, 2013) (citing *Archuleta v. Hendrick*, 365 F.3d 644, 647-48 (8th Cir. 2004). A writ of habeas corpus is a means to provide relief for a prisoner who is challenging the fact or duration of confinement and seeks immediate or speedier release. *Id.* (citing *Otey v. Hopkins*, 5 F.3d 1125, 1130 (8th Cir. 1993)). The Respondent agrees that the District of Minnesota has jurisdiction in this 28 U.S.C. § 2241 action, and that venue is proper.

### III. Exhaustion

Typically, a federal prisoner seeking credit on his federal sentence for time applied to a state sentence must exhaust administrative remedies by presenting his claim to the BOP before seeking habeas corpus relief. *United States v. Chappel*, 208 F.3d 1069 (8th Cir. 2000) (citing *United States v. Iversen*, 90 F.3d. 1340, 1344 (8th Cir. 1996) (finding that the district court did not have authority under 18 U.S.C. § 3585(b) to credit a prisoner for time spent on a prior sentence before that claim was presented to the BOP)). The Petitioner acknowledges that he has not exhausted administrative remedies as to his sentencing credit claims, but asserts that any exhaustion requirement should be waived because he would be eligible for immediate relief based on his claims. (Pet. 3). The Respondent contends that Petitioner had ample time to seek administrative remedies after his federal term commenced on June 11, 2015, and before filing his Petition on

6

October 7, 2015.

The Petitioner did not present his sentencing credit claims to the BOP. Petitioner could have, but he did not seek administrative relief in a timely fashion. Thus, the Petition could be dismissed without prejudice on exhaustion grounds. *United States v. Chappel*, 208 F.3d 1069.  As the Eighth Circuit has noted, "it may well benefit prisoners to seek administrative relief first since this may be both a more expeditious and advantageous source of relief from unlawful action  . . . when proper grievance procedures exist, their utilization benefits the prisoner, the prison authorities and the courts."  *Green v. Federal Bureau of Prisons*, No. 00-819 JRT/JMM, 2002 WL 32619483, *2 (D.Minn.) (quoting *Willis v. Ciccone*, 506 F.2d 1011, 1015 (8th Cir. 1974)).  Nonetheless, the court will consider the merits of the Petitioner's remaining claims for sentencing credit.  *Lueth v. Beach*, 498 F.3d 795, 797 n.3 (8th Cir. 2007) (noting that the exhaustion requirement for a § 2241 petition is judicially created, not jurisdictional).

### III.  Merits

**October 8, 2013 to December 16, 2013.**  The Petition contains a request for sentencing credit for time the Petitioner spent in state custody on a domestic assault conviction that was later reversed on appeal.  Petitioner does not dispute the Respondent's assertion that credit on the federal sentence was given for the time from and including the dates October 8, 2013 to December 16, 2013.  The claim is moot.

**December 17, 2013 to December 18, 2013.**  The Petitioner was charged with witness tampering in Nebraska state court on December 18, 2013.  He was sentenced on the charge on December 1, 2014 and was given 349 days credit on the state sentence.  Counting back from the sentencing date, and including December 1, 2014 as the first day of the remaining sentence (not the last day of the 349 days time-served credit), the tampering sentence commenced on December 17, 2013.  That day was applied to the state tampering sentence and the BOP therefore did not apply December 17, 2013 to the federal sentence.  It is clear that December 18, 2013 was applied to the state sentence.

Pursuant to the express language of 18 U.S.C. § 3585(b) the Petitioner can receive credit for time he was detained before federal sentencing only if the time was not credited to any other sentence.  Consequently, a defendant cannot be awarded double sentencing credit for the same time period.  *United States v. Kramer*, 12 F.3d 130, 132 (8th Cir. 1993); *Singleton v. Hollingsworth*, No. 05-2082 PJS/RLE, 2006 WL 2067761, *1 (D. Minn., July 24, 2006) (citing *United States v. Wilson*, 503 U.S. 329, 337 (1992)).  Petitioner contends that December 17, 2013, *i.e.*, the day before the tampering charge was filed, was included as part of the state sentence due to clerical error and should be applied to the federal sentence instead.  He also asserts that December 18, 2013 should be applied to the federal sentence because he was charged later in the day, at 1:13 p.m.; that state credit could not have been properly applied before the charge;

and that he should receive the benefit of the partial day credit on his federal sentence.  (Reply Mem. 2).

Under 18 U.S.C. § 3585(b) the Petitioner simply cannot be credited for time in custody that has already been credited towards another sentence.  *Noble v. Fondren*, 2009 WL 4723357, *6 (D. Minn., December 2, 2009) (citations omitted). Indeed, the BOP has the sole authority to calculate credit for time served, and not even the federal sentencing court has authority to award such credit.  *Id.*  The Petitioner was given credit for those two days on his state sentence, and under 18 U.S.C. § 3585(b) the same days cannot be applied to the federal sentence. Indeed, this is the sort of arguable sentencing discrepancy that might have been addressed or explained in administrative remedy proceedings which the Petitioner failed to undertake.  In any event, Petitioner is not now entitled to credit for December 17 and 18, 2013, on his federal sentence.

**October 28, 2014 to October 31, 2014.**  Pursuant to a federal writ of habeas corpus *ad prosequendum*, the Petitioner was placed in the custody of the U.S. Marshals Service on October 18, 2014, for purposes of obtaining his appearance in federal court on violation of supervised release charges.  At the time he was already in state custody, serving a sentence on state witness tampering charges.

Only the location of the sentence that is currently being served is changed as the result of a prisoner being released into federal custody from a state facility

by way of  writ of habeas corpus *ad prosequendum*.  *Munz v. Michael*, 28 F.3d

795, 798 (8th Cir. 1994) (citations omitted).  When a prisoner who is under the

primary jurisdiction of one sovereign is temporarily transferred to face a charge

brought by another sovereign, the prisoner is considered to be "on loan" to the

second sovereign and primary jurisdiction does not change. *United States v.

Cole*, 416 F.3d 894, 896-97 (8th Cir. 2005).  In this case the Petitioner remained

in the primary custody of the state and he received credit on his state sentence

for the time from October 28, 2014 to October 31, 2014.  He was placed into

federal custody merely by reason of the writ of habeas corpus *ad prosequendum*,

and he cannot be given double credit.  *Singleton v. Hollingsworth*, 2006 WL

2067761 at *6.  The Petitioner's request that he be given credit on his federal

sentence for four days beginning October 28, 2014, and ending October 31,

2014, should be denied.

### RECOMMENDATION

Based on the foregoing, and all the files, records and proceedings

herein, it is hereby **RECOMMENDED** that Glenn Woodard's petition under 28

U.S.C. § 2241 for writ of habeas corpus be **DISMISSED** with prejudice. (Doc. No.

1).

Dated:   March 3, 2016

 s/ *Jeffrey J. Keyes*
Jeffrey J. Keyes
United States Magistrate Judge

10

Under D. Minn. LR 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **March 17, 2016**, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections.  Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.  A party may respond to the objecting party's brief within **fourteen days** after service thereof.  All briefs filed under this rule shall be limited to 3500 words.  A judge shall make a de novo determination of those portions of the Report to which objection is made.  This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.